Court of Claims, May, 1919.      [Vol. 107.

TONY CORSALL, Claimant, v. THE STATE OF NEW YORK,
Defendant.

## Claim No. 15471.

(State of New York, Court of Claims, May, 1919.)

**Claim — neglect to file notice of intention — evidence — dismissal.**

> Where during some parts of the years 1916 and 1917, water
> from the Champlain canal leaked into and upon the premises
> of claimant, into his cellar and saturated his garden, and the
> damage on account of the loss of the rental value of the garden
> in neither year occurred within six months prior to the date
> of the filing of a notice of intention to file claims, and there is
> no evidence that any canal water found its way into or remained
> in the cellar after November twenty-fifth, in 1916, or after
> December tenth, in 1917, a motion to dismiss the claim will be
> granted.

CLAIM for damages resulting from leakage of water
from the Champlain canal into and upon claimant's
adjacent property.

Fred A. Bratt, for claimant.

Edward M. Brown, deputy attorney-general, for
state.

SMITH, J. This claim is for damages resulting
during the years 1916 and 1917 from the leakage of
water from the Champlain canal into and upon claim-
ant's adjacent property.

It is claimed that garden land became so saturated
with water during the period of leakage each year that
it would not grow garden crops. It is also claimed
that during the same period water from the canal
escaped therefrom to and into claimant's cellar.

That water leaked from the canal into and upon the premises of claimant and into claimant's cellar, and saturated his garden during some part of the years 1916 and 1917 is established by the evidence.

Notice of intention to file a claim for damages on account of the 1916 leakage was filed May 25, 1917, and a similar notice with respect to the 1917 leakage was filed June 10, 1918.

Whatever damage resulted from the loss of the rental value of the garden land for the season of 1916 was sustained before November 25, 1916, and the similar damage for the year 1917 was sustained before December 10, 1917, because in this climate garden crops are not growing after the middle of November. Therefore, the damage on account of the garden land in neither year occurred within six months prior to the date of filing of notice of intention to file claims therefor.

Nor is there any evidence that any water from the canal found its way into or remained in the cellar of claimant in 1916 after November twenty-fifth, or in 1917 after December tenth. Claimant testified that the water ran into his cellar " when the water rises in the canal, yes, at the times the water rises in the canal and at times it don't," and " well, that generally comes in about July." He was asked, "And then does it go down again? " to which he answered, " That will go down, but not every time that comes in there, but every time the water rises, and some months, every two or three months, you wouldn't get any in at all, but all at once the water comes and drains right in there a big, get the whole of it. Sometimes there is a little spot about as big as that right in the cellar, a spot, I had it concreted all on the side and threw a bag of cement right down there, and that got hard, and I had to take all my potatoes out right up stairs.

The water come shoot down in there, the water got * * * the canal raised right up.''

It thus appears that this condition of water in the cellar was an intermittent one, which happened on occasions only, and there is no evidence that any of such occasions were within the period of six months preceding the filing of the notices of intention.

At the close of the claimant's case and again at the close of the whole case the state moved for a dismissal of the claim, upon the ground the claimant had not made out a case. As no damages have been proven to have been sustained within six months prior to the dates of filing the notices of intention, the motion should be and is granted.

ACKERSON, P. J., and PARIS, J., concur.

Judgment accordingly.